THE STATE OF KANSAS, *ex rel.*, v. THE VIGILANT INSURANCE COMPANY, OF NIMROD, *et al.*

1. CONTRACT *for Insurance.* A contract by which one party promises to make a certain payment upon the loss or destruction of something which the other party owns or has an interest in, is a contract for insurance.

2. CHARACTER OF CONTRACT, *Not Changed.* That the promisor is a corporation, that its promise is only to those who become members of the corporation, and that it has no accumulated funds out of which to make good its promise, but relies therefor exclusively upon assessments made upon its members, does not change the character of the contract.

3. BUSINESS OF INSURANCE, *The State Controls.* The state has a right to say who may engage in the business of insurance, and upon what terms, and may proceed by civil action in *quo warranto* against any corporation created under the laws of the state, which without authority assumes to carry on the business of insurance.

*Original Proceeding in Quo Warranto.*

ACTION brought in this court, in the name of *The State,* charging that the defendants, *J. A. Woody,* with seven others, and *The Vigilant Insurance Company,* are unlawfully carrying on the business of insurance in this state. A sufficient statement of the facts appears in the opinion, filed at the October, 1883, session of the court.

*W. A. Johnston,* attorney general, and *E. A. Austin,* for The State.

*John S. Goodwin,* and *Andrew W. Hicks,* for The Vigilant Insurance Company.

The opinion of the court was delivered by

BREWER, J.: This is an original action in *quo warranto*, brought in this court in the name of the state on the relation of the attorney general, charging that the defendants are unlawfully carrying on the business of insurance in this state. It alleges that the individual defendants are assuming to act as the officers of their co-defendant, "The Vigilant Insurance Company." The defendants have appeared and answered, and the case has been submitted to us upon an agreed statement of facts. It is admitted that the Vigilant insurance company has been incorporated under the laws of the State, that the individual defendants are its officers, and that they are transacting business within the limits of the state. It is also agreed that they have not complied, or attempted to comply, with the requirements of the insurance law of the state. (Comp. Laws 1879, ch. 50a.) Indeed, the contention of the defendants is, that the business which they are carrying on is not strictly an insurance business, and that therefore they are not within the purview of, or subject to the requirements of that statute. So that the only question presented for our determination is, whether the business which defendants are carrying on is the business of insurance, and covered by the provisions of that statute. It is also agreed that the character of the business which defendants are carrying on is disclosed by the cards, circulars and prospectuses issued by the Vigilant insurance company, and made a part of the agreed statement. The name of the corporation is "The Vigilant Insurance Company." The name of course may not be conclusive, but it indicates the thought and intent of the incorporators. The purposes of the incorporation, as disclosed by the charter, are as follows:

"That the purposes for which this corporation is formed is to afford mutual indemnity and protection to its members, viz.: Indemnity in case of loss by accidents, death and theft of horses, mules, jacks and jennies, used for private purposes only; said indemnity being secured by the collection and disbursement of assessments *pro rata*. The expenses of doing

business between the members to be met by admission fees and semi-annual dues. The organization being in one sense a detective association for the protection of its own members against horse thieves."

And if we examine the cards, circulars, etc., we find this: The corporation proposes to "indemnify its members for loss or damage by accidents, death and theft of animals belonging to members." It says, it is true, in one of its circulars, that it does not sell insurance and does not receive premiums for insurance; but nevertheless, its single, unmistakable business is that of contracting for indemnity for loss. Its method is this: Each member pays a membership fee and annual dues. This is for the purpose of keeping up the organization, paying officers' salaries, etc. Then for losses, assessments are made upon the members, and only members can share in the benefit of the corporation. There is no accumulated fund out of which to pay losses, but reliance is wholly upon the assessments. But this is insurance. It is contracting for indemnity. It matters not how the funds for the payment of losses are secured. So long as the contract is such that in case of loss the promisee is entitled to claim compensation for the loss, it is a contract of indemnity.

In the case of *Commissioners v. Wetherbee*, 105 Mass. 149, the supreme court of that state thus defines insurance:

"A contract by which one party promises to make a certain payment upon the destruction or injury of something in which the other party has an interest, is a contract for insurance, whatever may be the terms of payment of the consideration, or the mode of estimating or securing payment of the sum to be insured in case of loss."

Burrill, in his Law Dictionary, vol. 2, page 87, gives this definition: "A contract whereby, for a stipulated consideration, one party undertakes to indemnify the other against certain risks."

And so run the text-books and authorities generally. (*The State v. Bankers' Association*, 23 Kas. 499; *Bolton v. Bolton*, 73 Me. 299.) Tested by these authorities, there can be no

question but that the contracts of the Vigilant insurance company are contracts for insurance. It is a coöperative insurance company, organized substantially upon the same basis as many life companies. Being such, it is covered by the insurance law. As to life insurance companies organized on the coöperative plan, they are expressly exempted from the provisions of that act. (Laws 1871, p. 248, § 78; *The State v. Bankers' Association,* supra.) As to all other insurance companies, they are within its terms. (Comp. Laws 1879, ch. 50a, §§ 23, 25, and 31.)

Of course attempting to carry on the business of insurance in defiance of the laws of the state, the defendants are liable to this action. (Civil Code, § 653, ¶ 4.) Of the power of the state to control matters of this kind, there can be no doubt. And whether the policy it pursues be wise or not, is a matter the courts may not inquire into.

Judgment will be entered in behalf of the state as prayed for.

All the Justices concurring.