15015. EVANS & TATE *v.* PREMIER REFINING COMPANY.

The law requiring insurance companies to procure a license to do business in this State was not rendered applicable to the plaintiff in this case by its contract insuring the defendants against breakage of gears of automobiles on which lubricant bought from it was used.

The defendants, having pleaded a written contract which amounted to an express warranty, could not rely upon an implied warranty.

Under an express stipulation of the contract, no claim for broken gears was to be allowed by the plaintiff unless the defendants paid their account with the plaintiff when due; and the evidence showed, with-

out contradiction, that the defendants failed to comply with this condition.

Under the pleadings and the evidence the court did not err in directing a verdict for the plaintiff.

DECIDED DECEMBER 5, 1923.

Complaint; from Walker superior court—Judge Wright. September 5, 1923.

This was a suit on an open account for goods sold by the plaintiff to the defendants. The defendants filed a plea in which they set up that the goods (automobile lubricant) were sold under a written contract of insurance wherein the plaintiff, in consideration of the purchase of the lubricant by the defendants, insured the defendants against the breakage, by natural wear and tear, of the gears of the automobiles of such persons as purchased the lubricant from the defendants. It was stipulated in the contract that when such breakage occurred, the plaintiff was to replace the gears, through the defendants, without loss to the owners of the automobiles. *It was further stipulated in the policy that no claim on the policy would be paid the defendants unless their account with the plaintiff was paid when due.* The defendants further pleaded that, in accordance with the contract, they placed the lubricant in the automobiles of certain named persons and that thereafter the gears in such automobiles were broken, and, acting under the contract, they had to replace the gears in the cars at a damage to them of $91.75, and that they mailed notices to the plaintiff in accordance with the contract. They further pleaded that they shipped the gears to the plaintiff in accordance with its instructions, and that the express charge thereon was $2.21, and they pleaded that the plaintiff was indebted to them in the total sum of $93.96, which they asked to have set off against any liability arising under the contract. The defendants further pleaded that the lubricant bought by them was not reasonably suited for the purposes intended, and was wholly worthless.

*Norman Shattuck,* for plaintiffs in error.

*Rosser & Shaw,* contra.

BROYLES, C. J. (After stating the foregoing facts.) The defendants, having pleaded a written contract which amounted to an express warranty, could not rely upon an implied warranty, and they could not show that the lubricant was worthless unless they also showed that they had complied with the conditions named in

the contract (*International Harvester Co.* v. *Dillon, 126 Ga. 672, 55 S. E. 1034*), and the undisputed evidence showed that the defendants had not complied with the express stipulation in the contract that no claim for replacing broken gears could be allowed them unless their account with the plaintiff was paid when due. Nor can we agree with the contention of defendants' counsel that the plaintiff could not recover the purchase price of the lubricant sold to the defendants, for the reason that the plaintiff had no license as an insurance company to transact business in this State. We do not think that the contract of indemnity or of insurance entered into in this case is a contract of insurance, or that the plaintiff thereby became an insurance company, within the meaning of the statute (Park's Civil Code, § 2415 *a*).

Under the pleadings and the evidence submitted, the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*