Matthias, J.
 

 The sole question presented by the record is- whether these oral or written agreements or statements or either of them as employed by the respondent in connection'with its sale, of automobile tires constitutes insurance. It is contended by the relator that in the respect complained of the respondent is engaged in the business of insurance in violation of Section 665, General Code. Its provisions are as follows :
 

 “No company, corporation, or association, whether organized in this' state or elsewhere, shall engage either directly or indirectly in this state in the business of insurance, or enter into any contracts substantially amounting to insurance, or in any manner aid therein, or engage in the business of guaranteeing against liability, loss or damage, unless it is' expressly authorized by the laws of this state, and the laws regulating it and applicable thereto, have been complied with.
 

 “No person, firm, association, partnership, company and/or corporation shall publish or distribute, receive and print for publication or distribution any advertising matter wherein insurance business is'solicited unless such advertiser has complied with the laws of this state regulating the business of insurance, and a certificate of such compliance is issued by the Superintendent of Insurance.
 

 “Whoever violates the provisions of this section with reference to advertising, shall be deemed guilty
 
 *167
 
 of a misdemeanor and upon conviction thereof, shall be fined not less than one hundred dollars nor more than five hundred dollars for- each offense.”
 

 The relator concedes that any agreement in the sale of any product which is a warranty against defects in material or workmanship is not insurance, but contends' that any agreement which goes further than to guarantee the material and workmanship is violative of the insurance laws of the state, and particularly of the section above quoted. Relator contends that the guarantee agreement is more than a warranty of material and workmanship because of the stipulation that tires are subject to injury and their failure may result from cuts, bruises, blow-outs and other road hazards. Relator further contends that the special guarantee of material and workmanship, unlimited as to time, shows that the general guarantee is for another and different purpose and relates to injuries sustained from exterior causes, and also that the clause, ‘‘should the tire fail within the replacement period,” with no limitation as to cause, shifts from the buyer to the seller the risk of accidental damage or loss which is independent of and entirely unrelated to quality of material or workmanship.
 

 The contention of the respondent is that the agreement of warranty in either of the forms it uses in the sale of its tires is intended only as' a guarantee of material and workmanship and provides a method of carrying out and performing its contract of guarantee which, from its experience, has proved most satisfactory to its customers and the trade generally. It argues that in the absence of some such pre-determined method of adjustment, upon the failure of a tire to render the service expected of it if free from defects of workmanship and material, disputes between the manufacturer or dealer and the customer as to the cause of such failure are constant and annoying, and that it was by reason of the difficulties of reaching
 
 *168
 
 satisfactory adjustments and for the purpose of eliminating these disputes and disagreements between dealer and customer and to preserve and promote good will of the users of a product which is subject to failure from various causes often difficult of ascertainment that the type of unconditional or road hazard guarantee was adopted as the fairest, most practical and satisfactory method available.
 

 It argues also that these agreements of guaranty have to do only with the product sold by the respondent and are a part of the sale transaction between itself and its customer, and that the undertaking is limited to a guarantee that the tire will render service for a stipulated period and that in neither of the forms employed is there any promise of financial return to the purchaser in any event, but only to repair the damaged tire without charge or to replace it upon the payment of the specified proportion of the current price covering’ the remainder of the stipulated period of service guaranteed.
 

 Are such agreements of guarantee permissible as incidental to.the sale of automobile tires; or do they constitute “the business of insurance” or “the business of guaranteeing against liability, loss or damage” or are these agreements of guarantee “contracts substantially amounting to insurance ’ ’ within the purview of Section 665, General Code, and therefore inhibited1?
 

 What is insurance? “Broadly defined, insurance is a contract by which one party, for a compensation called the premium, assumes particular risks of the other party and promises to pay to him or his nominee a certain or ascertainable sum of money on a specified contingency. As regards property and liability insurance, it is a contract by which one party promises on a consideration to compensate or reimburse the other if he shall suffer loss' from a specified cause, or to guarantee or indemnify or secure, him against loss from that cause.” 32 Corpus Juris, 975. It is a con
 
 *169
 
 tract “to indemnify the insured against loss or damage to a certain property named in the policy by reason of certain perils to which it is exposed.”
 
 State, ex rel. Sheets, Atty. Genl.,
 
 v.
 
 Pittsburgh, C., C. & St. L. Ry. Co.,
 
 68 Ohio St., 9, 30, 67 N. E., 93, 96 Am. St. Rep., 635, 64 L. R. A., 405;
 
 State, ex rel. Physicians’ Defense Co.,
 
 v.
 
 Laylin, Secy. of State,
 
 73 Ohio St., 90, 97, 76 N. E., 567.
 

 It seems well settled that to constitute insurance the promise need not be one for the payment of money, but may be its equivalent or some act of value to the insured upon the injury or destruction of the specified property. It is well settled, also, that the business of insurance is impressed with a public use and consequently its regulation, supervision and control are authorized and required to protect the general public and safeguard the interests of all concerned. We are in accord with the suggestion that business and enterprise should not be unduly restricted or interfered, with but should be permitted as great freedom in the conduct and management of their affairs as is consistent with the public interest and welfare. However, our conclusion of the issue presented in this case must be determined from the provisions of our own statutes and our especial inquiry is whether the guarantees in question constitute insurance or are contracts substantially amounting to insurance.
 

 Numerous decisions have been cited which deal with conditions and transactions so at variance with those involved in this case that they are of little assistance in reaching a conclusion of the legal question before us. It is essential that the distinction between warranty and insurance be clearly stated. Section 8392, General Code, defines an express warranty as follows: “Any affirmation of fact or any promise by the s'eller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the
 
 *170
 
 buyer purchases the goods relying thereon.” A warranty promises indemnity against defects in the article sold, while insurance indemnifies against loss or damage resulting from perils outside of and unrelated to defects in the article itself.
 

 The respondent, in one of its forms of contract, specifically guarantees “against defects in material and workmanship without limit as to time, mileage or service ’ ’; but it goes further and undertakes to indemnify the owner of such tires against all road hazards (except fire, and theft) which may render his' tire unfit for service. The terms employed in the guarantee are sufficiently broad to include not only damage from blow-outs, cuts and bruises, whether resulting from under-inflation, faulty brakes or misalignment, but any and every hazard, including collisions, whether resulting from negligence of the owner or another. It clearly embraces insurance upon the property of the owner, such as is authorized by the provisions of Section 9556, General Code, to be written by companies required to comply with the insurance laws of the state.
 

 The ultimate force and effect of the contract of indemnity embraced in this guarantee may be appreciated if extended to cover not only the automobile' tire but the automobile itself. Surely no one would contend that an undertaking by an automobile manufacturer to replace an automobile damaged or destroyed (excepting only by fire and theft) within a specified period after its purchase is not a contract to reimburse one if he suffers loss' from a specified cause, or to indemnify him against such loss.
 

 The fact that such contract of indemnity is made only with the purchaser of the indemnitor’s product does not relieve the transaction of its insurance character. When the sale is complete, title pas'ses and the property which is the subject of insurance or indemnity belongs to the purchaser. If the contracts of in
 
 *171
 
 demnity involved here are not violative of the insurance laws, then every company may, in consideration of the purchase price- paid therefor, furnish its product and also undertake to insure it against all hazards for a specified period. Even if such contract is an incident in the sale of merchandise and its use therein does not constitute the business of insurance, it in effect is a contract ‘ ‘ substantially amounting to insurance ’ ’ within the restrictive provisions of Section 665, General Code.
 

 We are unable to discern any essential difference in the character or effect of the various forms of agreement of indemnity made by the respondent and advertised in its catalogue. Each constitutes an undertaking to indemnify against failure from any cause except fire or theft and therefore covers loss or damage resulting from any and every hazard of travel, not excepting negligence of the automobile driver or another. It is substantially an unconditional promise of indemnity, and that is insurance.
 

 It follows that a judgment of ouster should issue in all respects as prayed for.
 

 Judgment of ouster.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.