

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 11, 1962

Hon. William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin 14, Texas

Opinion No. WW-1374

Re: Whether the Mooney Aircraft,
Inc., "Maintenance Warranty"
is a contract of insurance with-
in the meaning of the Texas
Insurance Code.

Dear Mr. Harrison:

You have submitted a copy of a "Maintenance Warranty" issued
by Mooney Aircraft, Inc., in connection with the sale of its aircraft
and have requested our opinion as to whether it constitutes a policy of
insurance under the provisions of the Texas Insurance Code.

The maintenance warranty provides in part:

"Mooney Aircraft, Inc., herein called 'Mooney',
agrees to fumish all parts and labor in excess of
$1,000.00 for each occurrence for maintenance and
repair sufficient to restore to airworthy condition
aircraft [described] and all equipment installed
therein by Mooney.

"This warranty is applicable only in the event the
maintenance and repair is done by Mooney or with the
prior written approval of Mooney. The aircraft is to
be delivered for such maintenance or repair to a place
designated by Mooney, free of cost to Mooney. If in
the opinion of Mooney the aircraft is damaged beyond
repair or lost, Mooney will, upon receipt of said sum
of $1,000.00 and proof of loss, replace the aircraft
with an airworthy aircraft of like kind and quality. . .,
and this warranty shall thereafter be applicable to
such replacement aircraft. All salvage shall be the
property of Mooney.

"This warranty is valid for one (1) year from
the date hereof and so long thereafter as the fee of
$1,000.00 is paid annually in advance. . ."

In connection with the sale of goods or services the seller frequently makes written or oral representations to the purchaser concerning the component quality, method of manufacture, process of installation, or application of the goods or services sold, or of their fitness for certain specified purposes. Such representations or warranties may arise by implication as a mere incident of the transaction. A seller's undertaking to stand behind such a warranty does not put him in the insurance business within the meaning of state regulatory statutes controlling the sale of insurance.

Where the subject of the sale is services this office has held that a representation of the results to be expected and a guarantee that such results will be forthcoming does not constitute the issuance of a policy of insurance. In WW-920, it was held that a 'termite control bond' which guaranteed against "any damage to property caused by subterranean termites during the period of this contract" was not a contract of insurance, since "the primary inducement to this contract is the extermination of termites through the treatment afforded by the issuing company. . ."

"The principal purpose of the Contract in question is the service of eradicating termites, not the indemnity for damages caused in the event they recur."

With respect to the sale of goods, however, the same rule does not obtain. Although there is no Texas authority directly in point, cases from other jurisdictions and secondary authorities agree that where representations cease being mere warranties and become agreements of insurance; when the representations run beyond inherent weakness in the goods sold, the contract is one of insurance.

However, we find the following statement in Texas Jurisprudence:

"By definition a warranty is an agreement, collateral
to a contract of sale, or to its main object, by which the
seller undertakes to vouch for the condition, quality, quantity
or title of the thing sold." (Emphasis supplied)
37A Texas Jurisprudence 305, Sales, Sec. 139.

> "Whether a warranty amounts to insurance depends
> upon its terms. A warranty or guaranty issued to a pur-
> chaser in connection with the sale of goods containing an
> agreement to indemnify against loss or damage resulting
> from perils outside of and unrelated to inherent weak-
> nesses in the goods themselves, constitutes a contract sub-
> stantially amounting to insurance within the purview of a
> statute regulating the right of a foreign corporation to do
> business in the state. State ex rel. Herbert v. Standard
> Oil Co., 138 Ohio St. 376, 20 Ohio Ops. 460, 35 N.E. 2d
> 437 (1941). Similarly, a contract by which the vendor
> of automobile tires undertakes to guarantee the tires sold
> against defects in material or workmanship without limit
> as to time, mileage, or service, and further expressly
> guarantees them for a specified period against 'blow outs,
> cuts, bruises, rim cuts, underinflation, wheels out of
> alignment, faulty brakes or other road hazards that may
> render the tire unfit for further service (except fire or
> theft), ' or contracts to indemnify the purchaser, 'should
> the tire fail within the replacement period' specified,
> without limitation as to cause of such 'failure, ' is a con-
> tract 'substantially amounting to insurance' within the
> provision of a statute which requires such guarantor or
> insurer to comply with the laws of the state authorizing
> and regulating the business of insurance. State ex rel.
> Duffy v. Western Auto Supply Co., 134 Ohio St. 163,
> 11 Ohio Ops. 583, 16 N.E. 2d 256, 119 A.L.R. 1236."
> Couch, Cyclopedia of Insurance Law (2nd Edition, 1959),
> § 1:15.

The Mooney "Maintenance Warranty" is an indemnity contract covering perils of whatever nature, whether related or unrelated to deficiencies of manufacture of the aircraft covered. The Mooney Aircraft Company is apparently engaged principally in the business of selling aircraft, and the service and maintenance thereof is a mere incident to the sale of such goods. The maintenance warranty is, there- fore, a contract of insurance within the meaning of the Texas Insurance Code.

### SUMMARY

The "Maintenance Warranty", issued
by Mooney Aircraft, Inc., is a policy
of insurance.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Coleman Gay, III_
Coleman Gay, III.
Assistant

CG:lmc

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
Dudley D. McCalla
Howard Mayes
Winston Crowder
J. C. Davis

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore