## Griffin Systems, Inc.
### v.
## Ohio Department of Insurance
*[Cite as 4 AOA 408]*

Case No. 89AP-608
*Franklin County, (10th)*
*Decided June 14, 1990*

*Mr. Philip Z. Vogel, for Appellee.*

*Mr. Anthony J. Celebrezze, Jr., Attorney General and Mr. Joseph D. Emanuel, for Appellant.*

YOUNG, J.

This matter is before this court upon the appeal of appellant, Ohio Department of Insurance ("ODI") from a judgment of the Franklin County Court of Common Pleas in favor of appellee, Griffin Systems Inc., ("Griffin"). Griffin marketed a Vehicle Protection Plan ("VPP") through direct mail solicitation to Ohio residents. The VPP is a contract between a car owner and Griffin which covers the service needed due to a mechanical breakdown of specified parts of the car. An investigation was conducted and subsequently, ODI held a hearing to determine whether the VPP sold to Ohio consumers by appellant was, in fact, a contract of insurance and subject to ODI's regulations. Griffin is not licensed in Ohio for the purpose of selling insurance.

After the hearing, the hearing officer issued his report and recommendation and determined that the VPP was a contract of insurance, that appellant was in violation of R.C. 3905.42, and that the sale and solicitation of the VPP constituted unfair, deceptive and misleading acts in violation of R.C. 3901.20 and 3901.21. In adopting the hearing officer's report and recommendation, ODI issued a cease and desist order to Griffin, pursuant to R.C. 3901.22(B). Thereafter, appellee appealed ODI's order to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. The matter was submitted to the trial court on the briefs and the trial court concluded that, as a matter of law, appellee was a warrantor and not an insurer. Thus, the trial court reversed ODI's January 20, 1988 order and thereafter, ODI filed this appeal.

ODI asserts the following three assignments of error:

"I. THE TRIAL COURT ERRED IN CON-
STRUING R.C. 3905.42 TO LIMIT THE
DEPARTMENT'S AUTHORITY TO REGU-
LATE GRIFFINS'S VEHICLE PROTECTION
PLAN AS A MATTER OF LAW.

"II. THE TRIAL COURT ERRED IN IG-
NORING THE STANDARD OF REVIEW UN-
DER R.C. 119.12 BY FAILING TO CONSIDER
THE ENTIRE ADMINISTRATIVE RECORD.

"III. THE TRIAL COURT ERRED IN IG-
NORING THE STANDARD OF REVIEW UN-
DER R.C. 119.12 BY SUBSTITUTING ITS
JUDGMENT FOR THAT OF THE AGENCY
IN RESOLVING DIVERGENT EVIDENCE."

In its first assignment of error, appellant asserts that the trial court erred in its interpretation of R.C. 3905.42 when it determined that, as a matter of law, appellee was a warrantor rather than an insurer. In order to determine whether appellee is subject to R.C. 3905.42, this court must determine whether the trial court properly found that appellee is a warrantor as described in *State, ex rel. Herbert,* v. *Std. Oil Co.* (1941), 138 Ohio St. 376, and not an insurer, as ODI had concluded.

R.C. 3905.42 provides as follows:

§3905.42 Insurance business must be authorized.

"*No company*, corporation, or association, whether organized in this state or elsewhere, *shall engage* either directly or indirectly in this state *in the business of insurance, or enter into any contracts substantially amounting to insurance, or in any manner aid therein, or engage in the business of guaranteeing against liability, loss, or damage,* including guaranteeing the fidelity of persons holding places of public or private trust, who are required to, or in their trust capacity do, receive, hold, control, or disburse public or private property, or transacting the business of guaranteeing the performance of contracts other than insurance policies, or of executing or guaranteeing bonds or undertakings required or permitted in actions or proceedings, or allowed by law, *unless it is expressly authorized by the laws of this state, and the laws regulating it and applicable thereto, have been complied with.*" (Emphasis added.)

The pertinent language of appellant's Vehicle Protection Plan states as follows:

"VEHICLE PROTECTION PLAN

"Your Safeguard Against Costly Mechanical Breakdown

"Please read this entire agreement to understand the terms, limitations and exclusions, and special provisions which apply to your Vehicle Protection Plan. This agreement is between you as the motor vehicle buyer and Griffin Systems Inc., both named below in the appropriate boxes.

"This agreement begins on the first day of your retail use of your motor vehicle and on the effective date shown in the appropriate space. This agreement continues for the time period stated or to when your motor vehicle odometer reaches the total of additional mileage stated, whichever comes first.

"During this period Griffin Systems Inc. will repair or replace any of the units and parts of your motor vehicle listed on the reverse side of this contract when those units or parts break down due to the failure of defective units or parts. This protection is subject to a deductible provision of twenty-five dollars ($25.00) per component. During the time or mileage period that your manufacturer's warranty on your motor vehicle is in effect, that warranty will Supersede your Vehicle Protection Plan, except for maintenance requirements, and unless your Vehicle Protection Plan includes a unit or part which is not covered by your factory warranty.

"1. If your motor vehicle described on this contract suffers a mechanical breakdown, as the holder of this Vehicle Protection Plan you shall pay the costs of any fluids or lubricants and direct taxes.

"2. Griffin System's liability shall be limited to the reasonable price for repair or replacement of each of the listed units and parts covered. In no event will Griffin Systems' liability exceed the actual cash value of your motor vehicle prior to the time of repair less applicable deductible. This actual cash value shall be determined by the published wholesale value of the motor vehicle. Replacement may be made with the kind and quality and depreciation or betterment applied.

"3. This Vehicle Protection Plan is for your benefit as holder. Neither this Vehicle Protection Plan nor your interest as holder is in any way assignable, unless as indicated by transfer on the reverse side of this contract.

"4. Griffin Systems Inc. will not be responsible for any incidental or consequential loss or damage whatsoever. This includes loss, damage, or injury to persons or property resulting from the failure of any of the units and parts covered under the terms of this Vehicle Protection Plan. Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation may not apply to you.

"LIMITATIONS AND EXCLUSIONS - YOUR VEHICLE PROTECTION PLAN DOES NOT APPLY.

"1. If your described motor vehicle, or any part of it, is covered by a warranty issued by the manufacturer of your motor vehicle.

"2. If repairs result from fire, water, freezing, riot, windstorm, hail, lightning, earthquake, theft or nuclear contamination.

"3. If repairs arise out of or are revealed by a collision or upset, or malicious mischief or vandalism.

"4. If repairs are caused by negligence, misuse, or your failure to perform required service maintenance.

"5. For the grinding of valves, as such, to raise normal engine compression without the necessity of replacing covered units or parts.

"6. If any mechanical alterations made are not recommended by the manufacturer.

"7. If any mechanical failure is caused by overheating or results from the lack of coolants or lubricants.

"8. If repairs or replacement of any part or parts is not specified in this Vehicle Protection Plan.

"9. If your motor vehicle is used to pull a trailer weighing more than 1500 pounds unless authorized 'Trailer Tow' package is installed.

"10. If there has been any tampering or alterations to your odometer so that true and actual mileage of your motor vehicle is not shown.

"11. If any mechanical breakdown results from a structural or mechanical defect for which the manufacturer has publicly announced its responsibility by a recall to correct such defect.

"12. If any mechanical breakdown occurs after repossession of the motor vehicle.

"13. If the motor vehicle described on this contract is used for commercial livery or delivery purposes, or for racing or competitive speed.

"14. If you have any delays, however caused, Griffin Systems Inc. will not be responsible, nor for the value of loss of use of your described vehicle.

"15. If directly or indirectly you suffer loss of expense due to lack of your performing all periodic service maintenance suggested by your Manufacturer's Owner's Manual, which is required by Griffin Systems Inc, or due to a condition where your vehicle is out of the care, custody or rented from the holder named hereon.

"16. To expenses, losses or charges to the holder listed hereon for all 'consequential' items of a commercial nature, such as hotel or motel accommodations, telephone calls, meals, loss of goods or loss of salaries or commissions resulting from time down for repair, etc, or for loss of life.

"UNITS AND PARTS COVERED BY YOUR VEHICLE PROTECTION PLAN

"ENGINE:

"Gasoline Engine - Cylinder block, heads, all internal parts, manifolds, timing gears; timing gear chain or belt and cover, flywheel, harmonic balancer, valve covers, oil pan, oil pump, vacuum pump, engine mounts, water and fuel pumps. Also covered are turbocharger housings, internal parts, valves, seals and gaskets.

"Diesel Engine - All of the above listed parts, plus diesel fuel injection pump, lines and nozzles.

"TRANSMISSION:

"Case, all internal parts, torque convertor, vacuum modulator, seals, gaskets and transmission mounts. Includes transfer case, all internal parts, seals and gaskets.

"FRONT WHEEL DRIVE:

"Final drive housing, all internal parts, axle shafts, constant velocity joints, front hub bearings, seals and gaskets. Rear Axle hub bearings.

"REAR WHEEL DRIVE:

"Axle housing, all internal parts, propeller shafts, 'U' joints, axle shafts, bearings, supports, seals and gaskets.

"COOLING AND FUEL:

"Radiator, fan and clutch, engine fan motor, fuel tank and fuel lines.

"STEERING:

"Gear housing, all internal parts, power steering pump, steering man and intermediate shafts, couplings, seals and gaskets.

"FRONT SUSPENSION:

"MacPherson struts, upper and lower control arms, control arm shafts and bushings, upper and lower ball joints, steering knuckle, wheel bearings and seals, stabilizer shaft, stabilizer linkage and bushings.

"BRAKES:

"Master cylinder, assist boosters, wheel cylinders, combination valve, hydraulic lines and fittings, disc calipers, seals and gaskets.

"ELECTRICAL:

"Starter motor and solenoid, alternator, voltage regulator, distributor, wiring harnesses, manually operated switches on component parts covered, wiper motors, electronic level control compressor, its sensor and limiter valve. Electronic fuel injection sensors, control module and injectors, electronic module. Electronic spark control detonation sensor and controller.

"FACTORY INSTALLED AIR
CONDITIONING:

"Compressor, clutch and pulley, condenser, evaporator, accumulator, temperature control programmer and seals.

"SEALS AND GASKETS ARE NOT COVERED EXCEPT WHEN REQUIRED IN CONNECTION WITH THE REPLACEMENT OF THE ABOVE SPECIFIED PARTS.

"DEDUCTIBLE PROVISION

"In the event that the motor vehicle described on this contract shall suffer a mechanical breakdown the holder of this Vehicle Protection Plan shall pay the first twenty-five dollars (25.00) for each unit of parts covered herein. Cost of fluids and lubricants is the responsibility of the holder of this Vehicle Protection Plan.

"CAR RENTAL PROVISION

"(Deductible does not apply to this item.) In the event of a breakdown of a covered component, the contract holder will be reimbursed for substitute transportation. Such expense shall be limited to $17.00 per calendar day, and $85.00 for the term of the contract. In computing the amount due under this rental coverage, only actual working time on the vehicle is covered: one/1/day's transportation expense shall be allowed for each eight/8/hours of flat rate time, provided the vehicle must be retained overnight to effect covered repairs. This provision specifically excludes down time waiting for parts or other delays beyond the control of the issuing or repair facility. (Does not include time down for routine maintenance repair.)

"TOWING PROVISION

"Towing charges will be reimbursed (up to $25.00) under this plan only where towing is the result of a breakdown of covered components.

"TRANSFER PROVISION

"Griffin Systems Inc. agrees to transfer the remaining term of this Vehicle Protection Plan to the buyer presenting this contract to Griffin Systems Inc., for a fee of fifty dollars ($50.00), and if proper records of service maintenance have been filed. This offer is limited to individual purchasers (not dealers). The purchaser must present this Vehicle Protection Plan contract within 60 days from date of sale, and all original terms and conditions apply to the transferee.

"CANCELLATION & REFUND
PROVISIONS

"This service contract may be cancelled subjects to a cancellation fee of twenty-five dollars ($25.00). Within 60 days of purchase the refund shall be 100 percent of the gross premium, provided no claim has been paid. Thereafter, all refunds

will be made under the Rule of 78 (the sum of digits) method based on expiration of time or mileage, whichever is greater."

The parties' stipulation of facts indicates the following:

"7. At all times relevant to this matter, Respondent offered and entered into service contracts with Ohio residents. The service agreement, commonly known as the Vehicle Protection Plan, provided that, for a stated compensation, Respondent agreed to reimburse the Planholder for mechanical breakdown of the motor vehicle owned by the Ohio resident and covered by the Plan. In addition to paying the stated compensation, the Ohio resident agreed to maintain his/her vehicle according to minimal requirements outlined in the Plan. Respondents agreed to repair or replace those parts of the resident's motor vehicle listed in the Plan, subject to a deductible provision."

It should be noted that the appellee, Griffin Systems Inc., is neither the manufacturer nor the seller of the goods in question. Therefore, it is incumbent upon this court to determine whether the VPP offered to the consumer, possesses the distinguishing characteristics of a warranty as excepted by the Supreme Court in *Herbert, supra,* or, is in fact, insurance as contemplated by R.C. 3905.42.

In State, ex rel. Duffy, Atty. Genl., v. *Western Auto Supply Co.* (1938), 134 Ohio St. 163, the Supreme Court of Ohio held in paragraph four of the syllabus that:

"A contract whereby the vendor of automobile tires undertakes to guarantee the tires sold against defects in material or workmanship without limit as to time, mileage or service, and further expressly guarantees them for a specified period against 'blowouts, cuts, bruises, rim-cuts, under-inflation, wheels out of alignment, faulty brakes or other road hazards that may render the tire unfit for further service (except fire or theft),' or contracts to indemnify the purchaser 'should the tire fail within the replacement period' specified, without limitation as to cause of such 'failure,' is a contract 'substantially amounting to insurance' within the provisions of Section 665, General Code, which requires such guarantor or insurer to comply with the laws of the state authorizing and regulating the business of insurance."

The *Duffy* case was quickly followed by *Herbert supra,* in which the Supreme Court followed paragraph four of the syllabus in *Duffy* but in paragraph five of the syllabus in *Herbert,* it held:

"A written warranty delivered to a purchaser, representing that the articles sold are so well and

carefully manufactured that they will give satisfactory service under ordinary usage for a specified length of time, and providing for an adjustment in the event of failure from faulty construction or materials, but expressly excluding happenings not connected with imperfections in the articles themselves, is not a contract substantially amounting to insurance within the meaning of Section 665, General Code."

In *Duffy*, the Supreme Court stated at page 167-170 that:

"* * * It is essential that the distinction between warranty and insurance be clearly stated. Section 8392, [R.C. 1302.26] General Code, defines an express warranty as follows: 'Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon.' A warranty promises indemnity against defects in the article sold, while insurance indemnifies against loss or damage resulting from perils outside of and unrelated defects in the article itself."

Thereafter, in *Herbert, supra,* the Supreme Court discussed the concept of "warranty" at page 381 as follows:

"With these observations as a background, we turn to a discussion of what is a warranty and what is a contract possessing features of insurance. Relating to the sale of commodities, a warranty has been defined as a statement or representation having to do with the kind, quality, variety or title of the goods sold. * * *"

At page 383, the court went on to say:

"Certainly, Section 665, General Code, was not designed to apply to purely commercial transactions connected with which warranties are made for the purpose of inducing sales and creating good will * * *."

The Franklin Country Court of Appeals in the case of *Denna* v. *Chrysler Corp.* (1964), 1 Ohio App. 2d 582, held that "* * * a warranty is an affirmation of fact or a promise relating to goods made to induce a purchase. See *Rogers* v. *Toni Home Permanent Co.* (1958), 167 Ohio St. 244. * * *" *Id.* at 589.

Therefore, without considering whether the VPP insures against defects other than those which occur because of outside or through intervening circumstances, it is apparent that the VPP plan is not a warranty proposed by a manufacturer or seller used for the purpose of inducing or increasing sales of the product in question.

The principle difference in the contract proposed by the appellee and the warranty offered by Standard Oil in the *Herbert* court case, is that the appellee is not the warrantor of a product manufactured or sold by the appellee but is warranting or guaranteeing a product manufactured and sold by a third-party. The *Herbert* case did not exclude all warranties or guaranties from the control of Section 665, General Code (R.C. 3905.42), only those warranties guaranteeing "satisfactory service under ordinary usage" of products being sold to a purchaser by the manufacturer or seller of that product. Therefore, Griffin Systems Inc., the appellee herein, is subject to the dictates of R.C. 3905.42. The first assignment of error is sustained.

Appellant's second and third assignments of error are interrelated and will be discussed together. In its second and third assignments of error, appellant asserts that the trial court did not apply the prescribed standard of review pursuant to R.C. 119.12 since it failed to consider the entire administrative record and substituted its judgment for that of appellant's. The pertinent sections of R.C. 119.12 provide:

"Within thirty days after receipt of notice of appeal from an order in any case in which a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare certify to the court a complete record of the proceedings in the case. * * *

"Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. * * *

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. The court shall award compensation for fees in accordance with section 2335.39 of the Revised Code to a prevailing party, other than an agency, in an appeal filed pursuant to this section.

"The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party or the agency, shall proceed as in the case of appeals in civil actions, and shall be pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter

2505. of the Revised Code. Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record.

"The court shall certify its judgment to such agency or take such other action necessary to give its judgment effect."

As required by R.C. 119.12, a complete administrative record was before the trial court. Absent substantial evidence to the contrary, this court must assume the propriety of the proceedings in the trial court. See *Knapp* v. *Edward Laboratories* (1980), 61 Ohio St. 2d 197. There is no evidence in the record before this court which would indicate that the trial court deliberately excluded the consideration of the testimony of appellant's witnesses or disregarded any of the other evidence presented by appellant. The trial court's decision turned on a question of law and the most significant piece of evidence was the language contained in the VPP plan offered to consumers by appellee. Although this court has determined that the trial court reached the incorrect legal conclusion, that is not to say that the trial court did not conduct a proper review pursuant to R.C. 119.12. Accordingly, appellant's second and third assignments of error are not well-taken and are overruled.

Appellee has filed a motion to dismiss and has asserted that appellant could not file this appeal since the superintendent of the Department of Insurance has a limited right to appeal only upon "* * * questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency. * * *" See R.C. 119.12. Appellee asserts that the determination of the trial court was a factual determination as to whether or not an extended service warranty constitutes insurance. Appellee's motion to dismiss must be denied since the issue before the trial court and this court is whether, as a matter of law, the VPP plan offered to consumers by Griffin constitutes insurance and thus, is within the regulatory purview of R.C. 3905.42. Clearly, the issue before the trial court and this court presented a question of law regarding the interpretation of R.C. 3905.42.

Based on the foregoing, appellant's first assignment of error is well-taken and is sustained. Appellant's second and third assignments of error are not well-taken and are overruled. Appellee's

motion to dismiss is denied and the judgment of the Franklin County Court of Common Pleas is reversed.

*Motion to dismiss denied.*
*Judgment reversed.*

BOWMAN and HOFSTETTER, JJ., concur.

HOFSTETTER, J., retired of the Eleventh Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.